UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

LUIS LOPEZ,

Petitioner,

v.

STATE OF NEVADA, *et al.*,

Respondents.

Case No. 3:26-cv-00013-MMD-CLB

ORDER

## I.    SUMMARY

This habeas matter is before the Court for initial review of Petitioner Luis Lopez's *pro se* Petition for Writ of Habeas Corpus (ECF No. 1-1 ("Petition")) under 28 U.S.C. § 2254 under the rules governing § 2254 cases.[1] Also before the Court is Lopez's Application to Proceed *in forma pauperis* ("IFP") ((ECF No. 1)). For the reasons discussed below, the Court grants the IFP application and dismisses the Petition without prejudice.

## II.    DISCUSSION

Under Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). The rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

In April 2025, the state district court entered a judgment of conviction under a guilty

---

[1]All references to a "Habeas Rule" or the "Habeas Rules" in this Order identify the rules governing § 2254 cases in the United States District Courts. Petitioner filed the petition under 28 U.S.C. § 2241; however, the Court will apply the Rules in this action as authorized by Habeas Rule 1(b).

plea for battery with use of a deadly weapon and battery with intent to commit robbery. In January 2026, Lopez filed a petition in a separate federal habeas case that the Court dismissed without prejudice for failure to state a cognizable federal habeas claim and for failure to exhaust his claims in state court. *See Lopez v. State of Nevada*, Case No. 3:25-cv-00726-ART-CLB, ECF No. 6.

In this instant habeas case, Lopez's Petition is subject to substantial defects, similar to the petition he filed in his earlier federal habeas case. A *pro se* petitioner is required to file his petition for writ of habeas corpus under 28 U.S.C. § 2254 on the Court's approved form. *See* LSR 3-1. Lopez has not filed his petition on the appropriate form or in substantial compliance with the form. The form is important as it provides the Court with necessary information to conduct preliminary review of the petition.

In addition, the claims remain wholly unexhausted. A state defendant seeking federal habeas relief must fully exhaust his state court remedies before presenting his constitutional claims to the federal courts. *See e.g.*, *Arevalo v. Hennessy*, 882 F.3d 763, 764-67 (9th Cir. 2018) (finding that California petitioner properly exhausted his state remedies by filing two motions in the trial court, a habeas petition in the court of appeal, and a habeas petition in the state supreme court). The exhaustion requirement ensures that state courts, as a matter of federal-state comity, will have the first opportunity to review and correct alleged violations of federal constitutional guarantees. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *see also Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

Lopez has neither properly nor fully exhausted his state court remedies because he has not presented the claims alleged in his federal habeas petition to the state district court, much less the Nevada appellate courts. Dismissal of Lopez's federal habeas petition without prejudice is appropriate on this basis alone.

### III.  CONCLUSION

It is therefore ordered that Petitioner Luis Lopez's Petition for Writ of Habeas Corpus (ECF No. 1-1) under 28 U.S.C. § 2254 is dismissed without prejudice.

It is further ordered that Petitioner's Application to Proceed *in forma pauperis* (ECF No. 1) is granted.

It is further ordered that Petitioner is denied a certificate of appealability, as jurists of reason would not find the Court's dismissal of the petition to be debatable or wrong.

It is further ordered that the Clerk of the Court is directed to enter final judgment accordingly and close this case.

It is further ordered that the Clerk of the Court is directed to make informal electronic service upon Respondents by adding Nevada Attorney General Aaron D. Ford as counsel for the respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the Office of the Attorney General only. No response is required from Respondents other than to respond to any orders of a reviewing court.

DATED THIS 10th Day of February 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE